UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KENNETH STUCKEY, JR., | Case No. 2:20-cv-00834-TLN-JDP (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS BE GRANTED |
| v. | |
| STATE OF CALIFORNIA, *et al.*, | ECF No. 30 |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff is a state prisoner proceeding without counsel and *in forma pauperis*. The court previously notified plaintiff that his first amended complaint stated Eighth and First Amendment claims against some defendants but that his remaining claims were not cognizable. After plaintiff elected to proceed only with his cognizable claims, service was initiated on defendants Dobie, Pinhiero, and Roy.[1] Defendants subsequently appeared and filed an answer to the complaint. They now move to revoke plaintiff's *in forma pauperis* status, arguing that he is a "three striker" under the Prison Litigation Reform Act ("PLRA"). I recommend that defendants' motion be granted.

---

[1] Plaintiff's First Amendment retaliation claims proceed against all three defendants, and his Eighth Amendment claim proceeds against Pinhiero and Roy. ECF No.

1

The PLRA provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Defendants bear the initial burden of showing that the plaintiff should not be permitted to proceed *in forma pauperis* because he has three strikes. *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Id.* at 1120. If defendants make that showing, the burden then shifts to plaintiff to explain why a prior dismissal should not count as a strike or show that he satisfies the imminent danger of serious physical injury exception. *Id.* For a prior action to constitute a "strike" under § 1915(g), its dismissal order must have "rang the PLRA bells of frivolous, malicious, or failure to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016).

Defendants have submitted court records from cases plaintiff filed in the United States District Courts for the Central and Northern Districts of California—*Stuckey v. Grebinski*, Case No. 2:12-cv-06857-UA-AN (C.D. Cal. 2012); *Stuckey v. Grebinski*, No. 2:12-cv-08438-US-AN, (C.D. Cal. 2012); and *Stuckey v. Trump*, No. 4:19-cv-03688-YGR-PR (N.D. Cal. 2019).[2] ECF No. 31. These records reflect that plaintiff has had three cases dismissed as frivolous for purposes of § 1915(g). In both Central District cases, the court denied plaintiff's application to proceed *in forma pauperis* based on a finding that the claims were frivolous. ECF Nos. 31 at 7-9, 12-13; *see O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008) (holding that "the district court has 'dismissed' the prisoner's case for purposes of § 1915(g) when the court denies the prison's application to file the action without prepayment of the filing fee on the ground that the complaint is frivolous, malicious or fails to state a claim . . ."). In the Northern District action—*Stuckey v. Trump*, No. 4:19-cv-036888—the court dismissed plaintiff's claims based on its finding that they were frivolous. ECF No. 31 at 18-22.

---

[2] Defendants ask that the court take judicial notice of these court records. ECF No. 31. Because the authenticity of these records is not subject to reasonable dispute, defendants' request for judicial notice is granted. Fed. R. Civ. P. 201; *United States v. Howard*, 381 F.3d 873, 876 n. 1 (9th Cir. 2004) (stating that a court may take judicial notice of court records filed in another

Plaintiff concedes that these three cases were dismissed as frivolous. ECF No. 32 at 1. Nevertheless, he argues that the dismissals in Case Nos. 2:12-cv-06857 and 2:12-cv-08438 should be treated as only one strike since both cases were based on the same facts. *Id*. at 1-2. That argument is unpersuasive given that § 1915(g) explicitly provides that cases dismissed as malicious—which would include duplicative cases—are considered strikes. 28 U.S.C. § 1915(g); *Little v. Ryan*, No. CV 17-03794-PHX-JJT (JMF), 2018 WL 11016615, at *2 (D. Ariz. June 12, 2018) ("A case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation.") (citing *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)); *see also Stuckey v. Sturdevant*, Case No. 20-cv-01898-YGR-PR (N.D. Cal. May 25, 2021), ECF No. 19 (rejecting Stuckey's argument that Case Nos. 2:12-cv-06857 and 2:12-cv-08438 should be treated a single strike).

Thus, the dismissals in these three actions constitute strikes under § 1915(g). Plaintiff has not shown that he is in imminent danger of serious physical injury, and so does not qualify for the PLRA's imminent danger exception. He therefore cannot proceed *in forma pauperis*.

Accordingly, it is hereby RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's *in forma pauperis* status, ECF No. 30, be granted.

2. Plaintiff's *in forma pauperis* status be revoked.

3. Plaintiff be ordered to pay the $402 filing fee within twenty-one days of any order adopting these findings and recommendations.

4. If plaintiff fails to pay the $402 filing fee within twenty-one days of any order adopting these findings and recommendations, this action be dismissed without prejudice.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document

case).

must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    November 9, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE